# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 9, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM BARCELONA,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0186** (BOR Appeal No. 2047302)
(Claim No. 2011012800)

**HOMESTYLE DINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Barcelona, by William Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated November 28, 2012, in which the Board affirmed a May 17, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 6, 2011, decision which denied a request for a repeat cervical MRI and a lumbar MRI without contrast. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Barcelona, a restaurant worker, was injured in the course of his employment on October 9, 2010, while emptying a garbage can into a dumpster. The claim was held compensable for neck sprain and shoulder sprain. In a deposition on July 26, 2011, Mr. Barcelona testified that he previously injured his neck in 2007. Treatment notes by Gregory Wood, D.O., show that he was diagnosed with a herniated cervical disc. Mr. Barcelona stated that at the time of the injury he was lifting a heavy garbage can when he felt pain in his neck and back. Dr. Wood released Mr. Barcelona to return to work on February 9, 2011, and opined in a March of 2011 treatment note that the symptoms were originating from the cervical discs.

1

Bill Hennessey, M.D., performed an independent medical evaluation on March 24, 2011. He noted that Mr. Barcelona reported neck and thoracic pain that was worse when lying down. Dr. Hennessey opined that this does not indicate any spine-related conditions. Mr. Barcelona denied any lower back pain at that time. Dr. Hennessey opined that there was insufficient evidence in the case to support any new clinical findings following the compensable injury. Mr. Barcelona's current symptoms were determined to be non-work-related and no further treatment was recommended.

ChuanFang Jin, M.D., performed an independent medical evaluation on December 1, 2011. She noted that the compensable conditions in the claim are neck sprain/strain and shoulder sprain/strain. She found that the injury suggests the shoulder pain originates from the cervical spine and that there is no actual shoulder injury. She determined Mr. Barcelona had reached maximum medical improvement for the neck sprain and his continued symptoms are likely the result of pre-existing degenerative cervical spine disease. Dr. Jin noted a September 17, 2007, treatment note by Dr. Wood which indicates Mr. Barcelona complained of severe neck and lower back pain with radiculopathy into the arms. Mr. Barcelona stated at that time that the symptoms had persisted for several years. Dr. Jin noted a 2007 MRI which showed a herniated C5-6 disc consistent with degenerative disc disease. A 2010 MRI, taken shortly after the injury, showed findings similar to the 2007 MRI, and a 2011 repeat MRI revealed multilevel degenerative changes. These three MRIs were determined to be consistent with degenerative disc disease rather than a traumatic disc injury. The requested diagnostic tests were found to be for the treatment of the pre-existing degenerative spine conditions and not the compensable injury. The claims administrator therefore denied a request for a repeat cervical MRI and a lumbar MRI without contrast on May 6, 2011.

The Office of Judges affirmed the claims administrator's decision in its May 17, 2012, Order. The Office of Judges held that there was no evidence of record to show that the lumbar spine is a compensable component of the claim. Dr. Jin noted that the claim is only compensable for neck sprain and shoulder sprain. This finding was determined to be consistent with the preponderance of the record which indicates Mr. Barcelona injured only his neck and shoulder as the result of his work-related injury. Accordingly, the Office of Judges found that the request for a lumbar MRI is not reasonably required in relation to the compensable injury.

The Office of Judges found that the weight of the evidence also failed to establish that a repeat MRI of the cervical spine was medically necessary in this case. Charles Rosen, M.D., a neurologist, evaluated Mr. Barcelona and concluded that the neck symptoms were the result of old age. Similarly, Dr. Jin found that Mr. Barcelona's symptoms are the result of progressively worsening degenerative cervical spine disease that pre-existed the compensable injury. Specifically, Dr. Jin noted that MRIs taken both before and after the injury showed findings consistent with degenerative disc disease as opposed to traumatic injury. The Office of Judges also noted that the evidence indicates the compensable injury resulted in a cervical strain. Dr. Jin stated that such an injury typically resolves within several weeks. Both Dr. Hennessey and Dr. Jin opined that no further treatment is necessary. The Office of Judges therefore found that Mr.

Barcelona failed to show that the requested MRIs were reasonably required for the treatment of his compensable injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its November 28, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates Mr. Barcelona sustained a neck and shoulder strain in the course of his employment for which he has reached maximum medical improvement. His current symptoms are the result of pre-existing degenerative changes and the requested diagnostic tests are for the treatment of the pre-existing condition and not the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 9, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum